UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

BERTHA ORNELAS, o/b/o
        K.M., a minor child,

                Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

                Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. CV-07-3098-JPH

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR FURTHER
PROCEEDINGS

        BEFORE THE COURT are cross-Motions for Summary Judgment,
noted for hearing without oral argument on August 18, 2008. (Ct.
Rec. 18, 22.)  Attorney D. James Tree represents Plaintiff;
Special Assistant United States Attorney Leisa A. Wolf represents
the Commissioner of Social Security ("Commissioner").  The parties
have consented to proceed before a magistrate judge.  (Ct. Rec.
8.)  After reviewing the administrative record and the briefs
filed by the parties, the Court **GRANTS** Plaintiff's Motion for
Summary Judgment (**Ct. Rec. 18**) and remands the matter to the
Commissioner for additional proceedings.  Defendant's Motion for
Summary Judgment (Ct. Rec. 22) is **DENIED**.

                        **JURISDICTION**

        The current application for Social Security Income ("SSI")

- 1 -

benefits on behalf of a minor child (plaintiff), was protectively filed on May 5, 2005, alleging disability since that date due to learning and discipline problems and the need for special education. (Tr. 42-45, 66.)   Plaintiff's treating physician notes attention deficit hyperactivity disorder (ADHD) by history. (Tr. 42-45, 323.)   The claim was denied initially and on reconsideration. (Tr. 35-37, 39-41.)   A  hearing was held on October 19, 2006, before Administrative Law Judge (ALJ) Peter J. Baum, at which time testimony was taken from plaintiff's mother, Bertha Ornelas. (Tr. 334-344.)   Plaintiff was represented by counsel.   On February 16, 2007, the ALJ issued a decision finding that plaintiff was not disabled. (Tr. 16-27.)   The Appeals Council denied a request for review. (Tr. 4-6.)   Therefore, the ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).   On November 14, 2007, plaintiff filed this action for judicial review pursuant to 42 U.S.C. § 405(g) (Ct. Rec. 2, 4).

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcripts, the ALJ's decision, the briefs of both plaintiff and the Commissioner and will only be summarized here.   When plaintiff was 4 years old, she was found eligible for special education services. (Tr. 151.)   She received services in the areas of communication and cognition. (Tr. 152.)   At age nine, after further testing, it was recommended that Plaintiff receive special education in reading comprehension and written language skills. (Tr. 151, 156.)

Plaintiff was 10 years old at the time of the hearing.  (Tr.

88, 337.)  Ms. Ornelas, plaintiff's mother, testified that
plaintiff is behind in school and takes special education classes
in the afternoon. (Tr. 337-338.)  Ms. Ornelas testified that she
needs to ask plaintiff four to five times to do chores; she is
very violent toward her siblings, including throwing things at and
kicking her brothers without provocation.  (Tr. 339.)  Ms. Ornelas
stated plaintiff has friends at school, was once sent to the
school counseling center, has never been suspended, and repeated
second grade.  (Tr.  340.)  Ms. Ornelas testified that plaintiff
attended summer school twice in order to be promoted to the next
grade.  (Tr. 341.)  She stated that after a house fire in
September or October of 2003, plaintiff has had trouble sleeping.
Even though she goes to bed at eight or nine at night, plaintiff
is awake at midnight or one a.m.  (Tr. 341-342.)  Ms. Ornelas
testified that a teacher called to inform her that on one occasion
plaintiff's head was down, she was tired, and was not paying
attention.  (Tr. 342.)

### SEQUENTIAL EVALUATION PROCESS

To qualify for disability benefits, a child under the age of
eighteen must have "a medically determinable physical or mental
impairment, which results in marked and severe functional
limitations, and which can be expected to result in death or which
has lasted or can be expected to last for a continuous period of
not less than 12 months."  42 U.S.C. § 1382c(a)(3)(C)(i). Pursuant
to this statutory dictate, the Social Security Administration has
enacted a three-step sequential analysis to determine whether a
child was eligible for SSI benefits on the basis of a disability.
20 C.F.R. § 416.924(a).  First, the ALJ considers  whether the

child is engaged in "substantial gainful activity." *Id.*, at § 416.924(b).  Second, the ALJ considers whether the child has a "medically determinable impairment that is severe," which is defined as an impairment that causes "more than minimal functional limitations." *Id.* at § 416.924(c). Finally, if the ALJ finds a severe impairment, he or she must then consider whether the impairment "medically equals" or "functionally equals" a disability listed in the regulatory "Listing of Impairments." *Id.* at § 416.924(c)-(d); *Id.* at pt. 404, subpt. P.  Pursuant to the final rules effective January 2, 2001[1], an impairment will be found to be functionally equivalent to a listed impairment if it results in extreme limitations in one area of functioning or marked limitations in two areas.  20 C.F.R. § 416.926a (a).  An impairment is a "marked limitation" if it "seriously interferes with [a person's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(20(i). By contrast, an "extreme limitation" is defined as a limitation that "interferes very seriously with [a person's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(3)(i).

The child's functioning in six domains is assessed, and includes determining the child's ability: (1) to acquire and use

---

[1]

On September 11, 2000, the SSA published the Final Rules implementing the Welfare Reform Act, which became effective January 2, 2001 (the "Final Rules").  Supplemental Security Income; Determining Disability for a Child Under Age 18, 65 Fed. Reg. 54,747 (Sept. 11, 2000) (codified at 20 C.F.R. pts. 404, 416).  The Final Rules apply because plaintiff's current application was protectively filed May 5, 2005, well after the January 2,2001, effective date.

information; (2) to attend and complete tasks; (3) to interact and
relate with others; (4) to move about and manipulate objects; (5)
to care for oneself, and (6) health and physical well-being.   20
C.F.R. § 416.926a(a)-(b)(2001).   In order to demonstrate
functional equivalence under the Final Rules, the child must
exhibit a marked limitation in two of the domains, or an extreme
limitation in one domain.   20 C.F.R. § 416.926a(e)(2)(i).

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a
Commissioner's decision.   42 U.S.C. § 405(g).   A court must uphold
the Commissioner's decision, made through an ALJ, when the
determination is not based on legal error and is supported by
substantial evidence.   *See Jones v. Heckler*, 760 F.2d 993, 995
(9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir.
1999).   "The [Commissioner's] determination that a plaintiff is
not disabled will be upheld if the findings of fact are supported
by substantial evidence."   *Delgado v. Heckler*, 722 F.2d 570, 572
(9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)).   Substantial evidence
is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d
1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance.
*McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989);
*Desrosiers v. Secretary of Health and Human Services*, 846 F.2d
573, 576 (9th Cir. 1988).   Substantial evidence "means such
evidence as a reasonable mind might accept as adequate to support
a conclusion."   *Richardson v. Perales*, 402 U.S. 389, 401 (1971)
(citations omitted).   "[S]uch inferences and conclusions as the
[Commissioner] may reasonably draw from the evidence" will also be
upheld.   *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965).

On review, the court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400.  If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).  Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987).  Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ALJ'S FINDINGS**

At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity. (Tr. 19.)  At step two, he determined that plaintiff suffers from ADHD.  (Tr. 19.)  The ALJ determined that the evidence of record demonstrated that plaintiff's impairment, although severe, does not meet, medically equal, or functionally equal the criteria of any of the listings impairments.  (Tr. 19-26.)  With regard to functional equivalence, the ALJ concluded that plaintiff does not have an "extreme"

- 6 -

limitation in any domain of functioning or a "marked" limitation in two domains.  (Tr. 26.)  Accordingly, the ALJ concluded plaintiff was not under a disability within the meaning of the Social Security Act.  (Tr. 26-27.)

**ISSUES**

Plaintiff contends that the Commissioner erred as a matter of law.  Specifically, she argues that the ALJ erred at step three by failing to find that her impairments functionally equaled a Listing because she is "at least markedly limited in two of the domains," and by failing to fully to develop the record with respect to plaintiff's psychological impairments.  (Ct. Rec. 19 at 12-21.)  The Commissioner responds that because the ALJ's step three analysis is supported by the record, and he fulfilled his duty to develop the record, the decision should be affirmed.  (Ct. Rec. 23 at 3-13.)  The first issue is dispositive.

The Court must uphold the Commissioner's determination that plaintiff is not disabled if the Commissioner applied the proper legal standards and there is substantial evidence in the record as a whole to support the decision.

**DISCUSSION**

A. Step three analysis

Plaintiff alleges that the ALJ erred at step three by failing to find that her impairments functionally equaled the Listings because she is "at least markedly limited in two domains, acquiring and using information, and in attending and completing tasks."  (Ct. Rec. 19 at 17-21.)  The Commissioner responds that the ALJ appropriately analyzed the evidence and fulfilled his duty to develop the record. (Ct. Rec. 23 at 3-13.)

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908.  The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms.  20 C.F.R. § 416.929.  Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of symptoms. *Bunnell v. Sullivan*, 947 F. 2d 341, 345 (9th Cir. 1991).

A treating or examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F. 3d 587, 592 (9th Cir. 2004).  If the treating or examining physician's opinions are not contradicted, they can be rejected only with "clear and convincing" reasons. *Lester v. Chater*, 81 F. 3d 821, 830 (9th Cir. 1996).  If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Services*, 44 F. 3d 1453, 1463 (9th Cir. 1995).

Acquiring and using information

The ALJ notes that on October 26, 2006, Steven Gottlieb, M.D., opined that plaintiff has less than marked limitation in the first assessed domain, acquiring and using information.  (Tr. 20, referring to Exhibit 3F at Tr. 326.)

With respect to the first domain, the ALJ states:

In a July 2005 Childhood Disability Evaluation Form, Edward Beaty, Ph. D., consulting psychologist for the

- 8 -

Disability Determination Service (DDS), notes that
the claimant is in special education at school. The
doctor opines that the claimant has less than marked
limitations in the domain of acquiring and using
information (with a recent low average IQ score and
Woodcock Johns and other academic achievement scores
from average to borderline). . .

In a November 2005 Childhood Disability Evaluation
Form, G. Gilbert, Ph. D., consulting psychologist for
the DDS opines that the claimant has less than marked
limitations the domain of acquiring and using information
(with a full scale IQ of 84) . . .

(Tr. 19-20.)

On May 31, 2005, plaintiff's special education teacher and
case worker, Jennie Mathes, assessed plaintiff's ability to
acquire and use information. (Tr. 112.) Ms. Mathes assessed
"very serious problems" (a rating of 4 on a 1-5 scale) in five
areas: understanding school and content vocabulary, reading and
comprehending written material, expressing ideas in writing,
recalling and applying learned material, and applying problem-
solving skills in class discussions. (Tr. 112.) Ms. Mathes
assessed obvious problems (a rating of 3) in three other areas
within this domain (comprehending and doing math problems,
providing organized oral explanations and adequate descriptions,
and learning new material). (Tr. 112.) Although the ALJ's
finding with respect to this domain mirrors the opinion of her
treating physician, that plaintiff is less than markedly limited
in the ability to acquire and use information, the ALJ does not
discuss Ms. Mathes's assessment with respect to this domain.

Attending and completing tasks

The ALJ found plaintiff has no limitation in attending and
completing tasks. (Tr. 24.) He gave little weight to treating
physician Dr. Gottlieb's October 26, 2006 opinion that plaintiff

has marked limitations in this domain (that may improve with time). (Tr. 20 referring to Exhibit 3F at Tr. 326.) The ALJ rejected Dr. Gottlieb's opinion because: (1) it is inconsistent with the medical record as a whole and with the DDS opinions; (2) plaintiff showed improvement after only one month of treatment; (3) the doctor appears to have accepted the claimant's subjective complaints, and (4) Dr. Gottlieb appears to be advocating for the patient. (Tr. 21.)

On May 31, 2005, plaintiff's special education teacher Jennie Mathes assessed daily "obvious problems" (rating a 3 out of 5) in four areas within this domain: carrying out multi-step instructions, completing homework assignments, completing work accurately without careless mistakes, and completing work at a reasonable pace and finished on time. (Tr. 113.)

The only evidence relied on by the ALJ in finding no limitation in the second functional domain appears to be the opinions of the agency consultants. Testimony of a medical expert may serve as substantial evidence when supported by other evidence in the record. *Andrews v. Shalala*, 53 F. 3d 1035, 1041 (9th Cir. 1995). Other evidence does not support the ALJ's finding. While plaintiff showed some improvement in sleep and in her grades on February 9, 2006, after a month of treatment as indicated (Tr. 318), the opinions of plaintiff's treating physician on October 26, 2006, and teacher in 2005 both support finding a degree of impairment not endorsed by the ALJ. The ALJ's finding of no impairment in this domain is not supported by substantial evidence and free of legal error.

B. Remand

    "If additional proceedings can remedy defects in the original administrative proceeding, a social security case should be remanded." *Marcia v. Sullivan*, 900 F. 2d 172, 176 (9th Cir. 1990)(*citing Lewin v. Schweiker*, 654 F. 2d 631, 635 (9th Cir. 1981).   Where the Secretary is in a better position than this court to evaluate the evidence, remand is appropriate.   *See McAllister v. Sullivan*, 888 F. 2d 599, 603 (9th Cir. 1989).

    As noted, the ALJ failed to adequately address the opinions of plaintiff's treating physician and teacher when he assessed less than marked limitation in the domain of acquiring and using information, and no limitation in the domain of attending and completing tasks, from the date of onset (May 5, 2005) forward.

    It is unclear from the record whether plaintiff would be found disabled if the relevant evidence was properly analyzed. Remand is appropriate because the Commissioner is in a better position than this court to evaluate the evidence. *See McAllister*, 888 F. 2d at 603.   The court expresses no opinion as to what the ultimate outcome on remand will or should be.   The fact-finder is free to give whatever weight to the evidence is deemed appropriate. *See Sample v. Schweiker*, 694 F. 2d 636, 642 (9th Cir. 1982)("Q)uestions of credibility and resolution of conflicts in the testimony are functions solely of the Secretary").

Accordingly,

        **IT IS ORDERED:**

    1. Plaintiff's Motion for Summary Judgment (**Ct. Rec. 18**) is **GRANTED;** the matter is **REMANDED** to the Commissioner for additional

proceedings.

    2. Defendant's Motion for Summary Judgment (**Ct. Rec. 22**) is **DENIED**.

    3. Judgment shall be entered for **PLAINTIFF**.  An application for attorney fees may be filed by separate motion.

    4. The District Court Executive is directed to enter this Order, provide a copy to counsel for Plaintiff and Defendant, and **CLOSE** the file.

    **DATED** this 3rd day of September, 2008.


                                      _s/James P. Hutton_
                                      JAMES P. HUTTON
                 UNITED STATES MAGISTRATE JUDGE